# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 7144 | **DATE** | 10/10/2003 |
| **CASE TITLE** | Duncan Johnson #R20787 vs. Brendan Ward, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Johnson's application to proceed without prepayment of the $150 filing fee is granted, although 28 U.S.C. 1915(b)(1) obligates him to pay that amount in full - - but in future installments. (3-1) Johnson is to submit his trust fund statements to this Court on or before October 31, 2003. Because Section 1915A(b)(1) expressly addresses situations such as the present, in which the complaint "fails to state a claim upon which relief may be granted," this court dismisses both the complaint and this action. That moots Johnson's accompanying motion. (4-1)

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | OCT 14 2003 | |
| | Notified counsel by telephone. | | date docketed | 5 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 10/10/2003 date mailed notice | |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DUNCAN JOHNSON #R20787, )
)
          Plaintiff, )
)
v. ) No. 03 C 7144
)
BRENDAN D. WARD, et al., )
)
          Defendants. )

OCT 14 2003

## MEMORANDUM OPINION AND ORDER

Duncan Johnson ("Johnson") has tendered a self-prepared 42 U.S.C. §1983 ("Section 1983") Complaint[1] against Will County Sheriff Brendan Ward and Jail Superintendent Martin Nowak, claiming a violation of Johnson's constitutional rights when as a pretrial detainee he had to sleep on a mattress on the floor in three different locations in the Will County Jail, as well as having to spend two other days in a holding cell there with a blanket rather than appropriate bedding (the total time period involved in all of those incidents was just under a month). Johnson has accompanied his Complaint with a form of Application To Proceed Without Prepayment of Fees ("Application") and a form of Motion for Appointment of Counsel ("Motion"), in each instance using court-provided forms.

To begin with, the Application is granted to the extent that

---

[1] "Self-prepared" is used here to denote a complaint that has used the form provided by this District Court's Clerk's Office for the use of persons in custody, with all of the appropriate information having been filled in by Johnson in handwritten form.

Johnson is excused from the <u>prepayment</u> of the $150 filing fee, although 28 U.S.C. §1915(b)(1) obligates him to pay that amount in full--but in future installments. In that respect, Johnson has not provided this Court with the documents required by Section 1915(a)(2) to enable this Court to ascertain the initial payment on account of the filing fee that Section 1915(b)(1) requires:

 1. Although the Application does reflect that Johnson has no funds on deposit at Vandalia Correctional Center ("Vandalia"), where he is now in custody, the certificate from an official there states that Johnson did not arrive at Vandalia until September 19, 2003. Even so, Johnson must obtain a printout of his trust fund account from the Vandalia authorities covering any transactions since his September 19 arrival (because funds may have been transferred to Vandalia from his previous custodial location since then, and that would enter into the required statutory calculation).

 2. Because Section 1915(a)(2) requires such information covering the entire six-month period immediately preceding the filing of a complaint, Johnson must also obtain printouts showing the transactions in his inmate trust fund account at any other institution or institutions where he may have been held in custody during the period

beginning April 1, 2003.

All such statements must be transmitted to this Court on or before October 31, 2003, at which point this Court anticipates the entry of an appropriate order dealing with the subject of the initial and subsequent installment payments on account of the $150 fee.

To turn to the merits of Johnson's substantive claim, it addresses a situation of overcrowding that is confronted by every jail in the Chicagoland area. While being assigned to sleep on the floor of a custodial institution is doubtless unpleasant, Johnson fails to allege any injury resulting from his having to do so. And being so assigned is not of itself enough to give rise to an arguable due process claim of punishment (see, among the many cases that have dealt with like complaints, Hines v. Sheahan, 845 F.Supp. 1265, 1269 (N.D. Ill. 1994) and Powell v. Cook County Jail, 815 F.Supp. 757, 759 (N.D. Ill. 1993)).

Moreover, it must be recognized that neither Sheriff Ward nor Superintendent Nowak is in a position to cure or to control the overcrowding conditions that they must deal with. Johnson has failed to show either that the conditions to which he was subjected were an extreme deprivation constituting punishment in the constitutional sense (Hudson v. McMillian, 503 U.S. 1, 9 (1992)) or that either defendant acted with deliberate indifference to his basic human needs (see, e.g., Wilson v.

3

Seiter, 501 U.S. 294, 298-302 and Farmer v. Brennan, 511 U.S. 825, 837 (1994)). Because Section 1983 liability hinges upon the personal responsibility of any public official for a deprivation of constitutional rights, Johnson has failed to state a viable claim against either defendant.

Finally, Section 1915A(a) mandates this Court's prompt screening of all prisoner complaints. Because Section 1915A(b)(1) expressly addresses situations such as the present, in which the complaint "fails to state a claim upon which relief may be granted," this Court dismisses both the Complaint and this action. That moots Johnson's accompanying Motion, but he should understand that he is not excused from complying with the directive in the second paragraph of this opinion or, relatedly, from the future payment of the $150 filing fee.

_____
Milton I. Shadur
Senior United States District Judge

Date: October 10, 2003